Hughes *v.* Devlin.

---

## HUGHES *v.* DEVLIN.

PERSONS claiming and in the possession of mining claims upon the public lands of the United States, are as between themselves, and all other persons except the United States, owners of the same, having a vested right of property founded on their possession and appropriation of the land containing the mine.

When a mining claim upon the public lands is claimed and possessed by several as joint tenants, tenants in common, or as coparceners, or even as partners, such several interests or estates are in the nature of an estate of inheritance, and liable to be partitioned between the several claimants the same as other real property.

The mere fact that a mining claim is owned and worked by several persons as partners, is no valid objection to a partition of the same between the owners, where the answer does not set up, and it is not shown, that a suit in equity is necessary to settle the accounts and adjust the business of the partnership ; and all the material allegations in a complaint for partition of real property which are not denied by the answer, are deemed admitted for the purposes of the trial.

APPEAL from the District Court, Ninth Judicial District, Shasta County.

The complaint averred that plaintiff and defendant were, and for a long time had been, tenants in common, owners and holders of certain mining claims, and a water ditch (describing the same), and that the plaintiff was the owner and holder of the undivided two-thirds part, and the defendant of the undivided one-third part of said property. The complaint further averred, that plaintiff was desirous of having and demanded partition of said property, and every parcel thereof, according to the respective rights of the parties in interest; and that on the hearing of the cause, plaintiff would show that the property, from its nature and peculiar character, could not be divided without great prejudice to the rights and interests of the respective owners.

The following is a copy of all the material portions of the answer:

" The defendant admits that he has and holds a possessory and usufructuary interest of the one-third part or share of all and each and every piece and parcel of the estate and property named and described in the complaint; but this defendant denies that he has or holds an estate of inheritance in the said property, or any part thereof, and avers that the said plaintiff has not, and that he never had or held an estate of inheritance in the said property, or in any part or parcel of the same ; but, on the contrary thereof, this defendant alleges that the mining grounds in the said complaint described, are of and belong to the public lands and domain of the United States; and this defendant says, that neither himself nor the said plaintiff has or holds any right or title under the United States or any person, and that neither this defendant nor the plaintiff has, holds, or possesses the said property, or any part thereof, by any right or tenure, which gives them or either of them, an estate of inheritance therein.

And the defendant further shows, that the said plaintiff and this defendant are partners in the business of mining, and that they are carrying on the business of mining with and upon the said mining grounds, and by means of the said ditch, and the waters therein flowing; and that the said ground, claims, ditch and waters consti-

Hughes v. Devlin.

tute the capital stock and means upon and by means of which the said copartnership business is carried on and conducted to the great benefit and advantage of the said plaintiff and defendant.

The plaintiff demurred to the answer; the Court sustained the demurrer; defendant declined to amend; and the Court without hearing any evidence gave plaintiff judgment in accordance with the prayer of his complaint.

Defendant appealed.

*Robinson & McConnell*, for Appellant.

The first point relied on by appellant is, that the Court erred in sustaining the demurrer to defendant's answer. The demurrer admits the truth of the facts alleged in the answer. (*Selkirk* v. *Sacramento County*, 3 Cal. 326; *Tuolumne Water Co.* v. *Chapman*, 8 Id. 397.) Anything may be pleaded which will abate the action, or bar the petitioner's right to a judgment. (1 Whittaker's Practice, 499; *Buel* v. *Child*, 4 How. 125.) The question then is, whether the facts set up in the answer constitute a defense to the action.

The complaint sets up the fact that the mining claims and water ditch, for which partition is asked, are held by the plaintiff and defendant as tenants in common, and that the plaintiff and defendant each have in the premises in question an estate of inheritance.

These allegations are substantially denied by the defendant, and the answer shows that the plaintiff and defendant are partners in the business of mining, and that they are carrying on the business of mining with and upon the said mining grounds, and by means of the said ditch, and the water therein flowing. There being then, a partnership between the parties, it is hardly necessary to say that the present action cannot be maintained; that the only remedy of the plaintiff is by the bill in equity to dissolve the partnership and obtain an account. (*Nugent* v. *Locke*, 4 Cal. 320; *Stone* v. *Foure*, 3 Id. 294; *Wilson* v. *Lassen*, 5 Id. 116; *Barnstead* v. *Empire Mining Co.* 5 Id. 299.)

The answer having set up the partnership of the parties, and the truth of the same being admitted by plaintiff's demurrer, it constitutes a complete defense to plaintiff's action, and the Court there-

fore erred in sustaining the demurrer. The second point made by appellant is, that the Court erred in rendering judgment for the sale of the premises in question, without evidence. The statute only authorizes a sale of the property when it appears to the satisfaction of the Court, by the evidence, that the premises are so situated that partition cannot be made without great prejudice to the owners. (Pr. Act, Sec. 275.)

" In general, a partition should be denied rather than a sale. The latter course is authorized only in cases where an actual partition cannot be made without great prejudice to the owners. If, therefore, a sale would be equally prejudicial, an actual partition should be made." (Willard's Eq. Jur. 703 ; *Smith* v. *Smith*, 10 Paige, 470.)

The third point upon which the appellant relies is, that the Court erred in rendering a judgment for the sale of the premises in question without having ascertained the title by proof to the satisfaction of the Court. The statute expressly requires that before the judgment of sale shall be made, the title shall be ascertained by proof, to the satisfaction of the Court; and where service of the complaint has been made by publication, like proof shall be required of the right of the absent or unknown parties before such judgment is rendered. (Pr. Act, Sec. 271.) A Court cannot render judgment declaring the rights, titles, and interests of the parties to an action of partition, without first ascertaining the facts in relation thereto as described by statute ; and in case the defendant omits to answer the complaint, the plaintiff must still exhibit proof of his title. (*Ripple* v. *Gilborn*, 8 How. 462; *Porter* v. *Lee*, 6 Id. 491 ; *Griggs* v. *Peckham*, 3 Wend. 436.)

*R. T. Sprague*, for Respondent.

The question raised by the demurrer is, whether possessory claims upon the lands of the United States, for mining purposes, in this State, are estates of inheritance. These possessory claims upon the public land, have been uniformly regarded by the Supreme Court of this State as real estate, and persons in actual prior occupancy, as possessing valid titles as against all the world, except the United States Government. (*Lowe* v. *Alexander*, 15 Cal. 302.)

Hughes *v.* Devlin.

These estates are estates of inheritance.   (Bouvier's Law Dic. Title "Real Estate," 2–11 ; Tomlon's Law Dic. 196 ; Jacob's Law Dic. 446.)   It is such a right, property, interest, and estate in lands, as will, by the operation of law, pass to the heirs of the intestate holder or owner (Bouv. Law Dic. 633), and therefore is the subject of partition under the statute of this State.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action for a partition of a mining claim and water ditch connected therewith, the plaintiff claiming an undivided two-thirds, and the defendant the undivided one-third thereof.   The two hundred and sixty-fourth section of the Practice Act provides that "when several persons hold and are in possession of real property, as joint tenants, or as tenants in common, in which one or more of them have an estate of inheritance, or for life, or lives, or for years, an action may be brought by one or more of such persons for a partition thereof, according to the respective rights of the persons interested therein ; and for a sale of such property, or a part of it, if it appear that a partition cannot be made without great prejudice to the owners."   The action was brought under this section of the statute.

The defendant contends that the interest of miners in mining claims and ditch property upon the public lands, is not an estate of inheritance, or any of the other kinds of real estate mentioned in the statute ; and therefore the same are not liable to be partitioned between the owners under the act.   In this he is clearly in error. In *Merritt* v. *Judd* (14 · Cal. 64), this Court say, in commenting on the Law of Fixtures :  " From an early period of our State jurisprudence, we have regarded these claims to public mineral lands as titles.   They are so practically.   Our Courts have given them the recognition of legal estates of freehold, and so, to all practical purposes—if we except some doctrine of abandonment, not, perhaps, applicable to such estates—unquestionably they are, and we think it would not be in harmony with this general judicial system, to deny to them the incidents of freehold estates, in respect to this matter." So, too, they have been held to be " real property," respecting

33

which a suit will lie under the two hundred and fifty-fourth section of the Practice Act, against a person claiming an adverse " estate or interest therein." (*Merced Mining Co.* v. *Fremont*, 7 Cal. 319.) They are held to be real estate within the act relating to the place of trial of civil actions. (*Watts* v. *White*, 13 Cal. 324.) So, too, they are held liable to levy and sale on execution, like other real estate. (*McKeon* v. *Bisbee*, 9 Cal. 142.)

The ownership of a right to a mine, with the right to work the same, situated on land belonging to another, is a very common interest in mining countries. It has been held to be such an interest as would descend to the heirs of an owner. The mere right to work such mines, is held to be an incorporeal hereditament in the land of other persons. But in such cases it is held that it is indivisible, because a division of the right would create new rights, and would prejudice the owner of the soil; and it has been, therefore, held that the coparceners must work the mines jointly with one stock, or each enjoy the right at successive periods of time. (Bainbridge on Mines, 115, 116.) But a different rule prevails where a distinct right of property in mines descends in coparcenery; and the coparceners in such case are entitled to a partition, as their rights would not thereby interfere with the property of others. They are seized, not of a bare right, but of an estate in fee, divisible in its nature. (Id. 116.) And the same rules apply to joint tenants and tenants in common of mines. (Id. 117; Collier on Mines, Secs. 5, 12; Rockwell on Mines, Secs. 47–49.) The distinction between the right to mine in the land of another and a distinct right of property in a mine, as to this right of partition, has no application to the public mineral lands in this State. Although the ultimate title in fee in our public mineral lands is vested in the United States, yet as between individuals, all transactions and all rights, interests, and estates in the mines are treated as being an estate in fee, and as a distinct and vested right of property in the claimant or claimants thereof, founded upon their possession or appropriation of the land containing the mine. They are treated, as between themselves and all persons but the United States, as the owners of the land and the mines therein; and as such, where the land or the mine is claimed by several, as joint tenants, tenants in common, or as coparceners,

Hughes *v.* Devlin.

or even as partners, such several interests or estates are in the nature of an estate of inheritance, and liable to be partitioned between the several claimants, the same as other real property.

The judgment is therefore affirmed.

On petition for rehearing, CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

It is urged in the petition that the property in controversy being used as partnership property, an action for a partition will not lie, and that a suit in equity must be brought to dissolve the partnership, and for an account of the partnership business. It does not appear in this case, that any suit in equity is necessary to settle and adjust the business of the partnership. The mere fact that real estate, owned by persons as tenants in common, or even as partners, is used in a partnership business, affords no valid objection to an action to partition the same between the owners. The property was of such a character, and the owners had such an interest therein, as afforded a proper ground for an action for a partition, as has been shown by the previous opinion of this Court; and as the answer did not deny any of the allegations of the complaint, but merely set up the facts upon which the claim that a partition would not lie was founded, the demurrer to the answer was properly sustained.

It is objected that no evidence or proof was offered to show that the property was not capable of being partitioned without great prejudice to the owners, to authorize the Court to order a sale. The fact was averred in the complaint, and was not denied by the answer, and it was therefore properly deemed admitted, like any other material fact affecting the rights of the parties, or the form of the remedy to which they might be entitled. The terms of the two hundred and seventy-fifth section of the Practice Act are a little peculiar upon this subject, but it does not vary the rule laid down in other sections, as to what facts are to be deemed admitted. No objection of this kind was made in the Court below; and even if such proof were necessary, it may properly be deemed to have been waived under the circumstances, the defendants evidently relying upon their answer being a sufficient defense to the action. The same remarks apply to the objection that there was no proof of the

title to the premises. The title and ownership was averred in the complaint, and not denied in the answer, and no objection of this kind was raised in the Court below. If it had been, and the Court had ruled that proof was not necessary, then such ruling might have been reviewed by this Court. But the objection should not be raised here for the first time.

The Court appointed a referee, to make sale of the property, in accordance with the decree, to which no objection appears to have been made in the Court below; but it is now contended that the Court should have appointed three instead of one. Sec. 275 of the Practice Act provides, that if a sale is not directed to be made, the Court shall order a partition, and shall " appoint three referees therefor." This does not apply to a case like the present, where a sale, and not a partition is ordered; and such sale can be as well conducted by one as three referees. This objection is not, therefore, well taken.

The rehearing is denied.