[No. 1,762.]

## STEPHEN SPENCER AND HARTWELL PRATT v. JOHN WINSELMAN AND JOHN R. CLOW.

TITLE TO POSSESSION OF MINING GROUND NOT A SUBJECT FOR ARBITRA-
TION.—The subject matter of an action for the recovery of mining ground
on public land, is regarded in this State as "a question of title to real prop-
erty in fee," and therefore cannot, under section three hundred and eighty
of the Practice Act, be submitted to arbitration; and if so submitted an
award and judgment thereon will, on motion, be vacated and set aside.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

The mining ground in controversy is situated at Young's Hill, in Yuba County. The award and judgment in favor of plaintiffs was for the possession of the ground and one thousand six hundred dollars damages, for gold extracted and taken away by defendants. The motion to vacate and set aside the award and judgment was made upon various grounds; but the only one urged upon argument in the Court below was, that the arbitrators had refused, or im-

properly omitted, to consider a part of the matters submitted to them; and it was upon this ground that the award and judgment were set aside.

Upon this appeal all the grounds raised by the motion were taken up by counsel and discussed at great length. Their points on the fundamental question involved were as follows.

*W. C. Belcher, J. O. Goodwin,* and *George May,* for Appellants.

The title to real property in fee, or for life, was not involved. Our statute provides that "all lands in this State shall be deemed and regarded as public lands until the legal title is shown to have passed from the Government to private parties." (Hittell Dig. 6,800.) Neither party here had, or pretended to have, any higher or better claim or title to the premises than is acquired by occupation for mining purposes under the mining rules and regulations of the district. The presumption is, that the fee to all the mineral lands of this State is in the United States, and that presumption can only be overcome by direct proof that private parties have acquired that fee.

The Acts of Congress of February 27th, 1865, May 5th, 1866, and July 26th, 1866, show the intent of the Government in regard to the fee of the mineral lands; and it is plain from them that the occupant cannot acquire other than a possessory claim. In reference to gravel beds, more particularly, the right of the miner to occupy and mine is a valuable right; but it is not an estate in fee, or for life, or a tenancy for years even, but simply a right to occupy, which may be terminated at the pleasure of the Government.

Estates in fee, and estates for life, are legal terms well understood, and import naked legal titles. These being specially excepted by the statute concerning arbitrations, no other or different estate in or claim or title to real property

is excepted.   All controversies with reference to other titles and claims to lands may be referred to arbitration.   (See *Blair* v. *Wallace*, 21 Cal. 321; *Cox* v. *Jagger*, 2 Cow. 649; *Blanchard* v. *Murray*, 15 Vt. 551.)

*Hatch & Ashford* and *J. L. Lockwood*, for Respondents.

A mining claim, or the possessory right to a given piece of the public domain, whether it be a quarter section of agricultural land or a hundred feet square of mining ground, is real estate for all purposes, as far as the rights of litigants in our Courts are concerned.   A person thus having the possession, is, as to all the world, except the Government, the owner of the soil, having a vested right of property, founded upon his possession.   He has the highest estate known to the law, it being an estate of inheritance.   It is such a right, property, interest, and estate in lands as will pass, by operation of law, to the heirs of the intestate holder or owner. (See *Lowe* v. *Alexander*, 15 Cal. 302; *Merritt* v. *Judd*, 14 Cal. 64; *Hughes* v. *Devlin*, 23 Cal. 505.)

At common law any mere dispute respecting land, but not involving title, such, for instance, as arise concerning boundaries, or concerning the sale or transfer of land, might be arbitrated; the general rule being, that when the parties might, by their own act, transfer real property, or exercise any acts of ownership with respect to it, they might refer any dispute concerning it to the decision of arbitrators, who could award the same act to be done which the parties themselves might do by their own agreement.   But no right or title to land, or to an interest or estate in land, could pass in virtue of an award of arbitrators.   And this, we take it, is the general rule in this country and in this State.   If we are correct in this, it follows that the submission to arbitration in this case was void; and if the submission was void, in

whole or in part, the award, of course, was to the same extent void.

*P. Van Clief*, also for Respondents.

By the Court, WALLACE, J.:

Spencer and another brought an action against Winselman and others for the recovery of certain mining grounds, alleging themselves to be owners and entitled to the possession of the premises sued for. The defendants answered, denying the ownership of the plaintiffs, and alleging themselves to be the owners, and entitled to the possession of the premises. While the cause was pending upon these issues, the parties stipulated in writing to submit the cause to arbitration, and the stipulation was entered as an order of Court pursuant to the statute. (Practice Act, Sec. 382.)

An award having subsequently been made, and judgment entered in the judgment book pursuant to the statute, the defendants moved to vacate it upon several grounds, and, among others, upon the ground "that the matters, issues, and questions submitted to arbitration by said agreement, and actually submitted to said arbitrators by the parties, involved questions of title to real property in fee and for life," etc. The motion having been sustained, this appeal is taken.

The statute (Pr. Act, Sec. 380,) provides, in substance, that any controversy which might be the subject of a civil action, may be submitted to arbitration, "except a question of title to real property in fee or for life."

In *Merritt* v. *Judd*, 14 Cal. 61, the question was before this Court as to the nature of the tenure by which mineral lands in this State were held. It was urged, in argument, that the occupant of a mining claim is not thereby the owner of a freehold estate in the premises, and not being such owner had, consequently, no right to the fixtures there

in controversy, but that the Federal Government is the owner of the soil. But the Court said: "From an early period of our State jurisprudence we have regarded these claims to public mineral lands as titles. They are so practically. * * * Our Courts have given them the recognition of legal estates of freehold; and so, to all practicable purposes, if we except some doctrine of abandonment, not, perhaps, applicable to such estates, unquestionably they are; and we think it would not be in harmony with the general judicial system to deny to them the incidents of freehold estates in respect to this matter."

In *Hughes* v. *Devlin*, 23 Cal. 501, the question again came before this Court in an action for a partition, and, in speaking of the tenure by which such property is held in this State, the Court said: "Although the ultimate fee in our public mineral lands is vested in the United States, yet, as between individuals, all transactions, and all rights, interests, and estates in the mines are treated as being an estate in fee, and as a distinct and vested right of property in the claimant or claimants thereof, founded upon their possession or appropriation of the land containing the mine. They are treated, as between themselves and all persons but the United States, as the owners of the land and the mines therein," etc.

The case of *Blair* v. *Wallace*, 21 Cal. 318, relied upon by the appellant, is not in conflict with these views. The controversy there grew out of a contract between the parties, and did not involve a question of title in the sense of the statute prohibiting its submission to arbitration. It is not doubted that a party who is the admitted owner of a title in fee to real estate may contract to convey it to another, and that a controversy concerning the alleged performance or non-performance of such a contract may be the subject of arbitration under the statute; and this seems to

have been the nature of the controversy submitted to arbitration in the case of *Blair* v. *Wallace.*

Order affirmed.