[Sac. No. 1590.    Department One.—February 26, 1909.]

## MRS. C. F. M. BUCHNER, Respondent, v. DANIEL MALLOY, Appellant, and W. R. McDOWELL, JOHN HENDERSEE, and W. E. FLEMING, Co-defendants.

QUIETING TITLE—EQUITABLE INTERESTS—LEGAL TITLE.—Although when both parties claim merely equitable interests in land, an action to determine adverse claims or to quiet title will lie under section 738 of the Code of Civil Procedure, to determine which party has the superior equity; yet an action to quiet title will not lie, in any case, in favor of the holder of a merely equitable title or interest in land as against the holder of the legal title.

ID.—MINING CLAIMS—OWNERSHIP IN FEE.—Mining claims, as between individuals, are treated as being an estate in fee, and subject to all the rules in relation to quieting title, as between equitable and legal owners, as in case of any other land, notwithstanding the mining claims may be upon public mineral land, the ultimate fee to which is in the United States.

ID.—LIENS ON MINING CLAIMS—TITLE UNDER FORECLOSURE—TRUST—EXECUTION SALE AGAINST LIEN CLAIMANT.—REMEDY TO ENFORCE TRUST.—When the defendant's title was acquired by deed from a purchaser under a foreclosure sale for liens on a mining claim, who purchased for the lien-claimants' benefit, but whose certificate of sale and deed were individual, and the plaintiff's title was acquired by attachment and execution sale of the interest of one of the lien claimants, the plaintiff has merely his equitable interest, and cannot sue to quiet title against the defendant, but her sole remedy is to enforce a trust by averment and proof that the original purchaser took title as trustee of the lien claimants, and that defendant took with notice of the trust.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

Gillis & Tapscott, Charles J. Luttrell, Tapscott & Gillis, Gillis & Gillis, and Jas. R. Tapscott, for Appellant.

Coburn & Collier, L. F. Coburn, and B. K. Collier, for Respondent.

SLOSS, J.—The plaintiff commenced this action against the four defendants above named to quiet her title to an un-

divided six twenty-secondths of six mining claims in Siskiyou County. The complaint contained merely the usual allegations that plaintiff was the owner and entitled to the possession of the property, and that defendants, without right. claimed adversely to her. The defendants McDowell, Hendersee, and Fleming, disclaimed any interest except such as was held by McDowell under a contract of purchase made by him with Malloy. At the trial the court, on motion of plaintiff, ordered a dismissal as against these three defendants. Malloy answered, denying plaintiff's title to any part of the claims, and alleging that he was the owner of the whole of said property, subject to the paramount title of the United States. From a judgment in favor of plaintiff, as well as an order denying a motion for a new trial, Malloy appeals.

The evidence shows that in an action brought in 1895 by F. Kuschel and A. O. Yeager against Harry Hunter and others, a decree was made declaring that certain parties, including one John W. Pierpont and the defendant Malloy, were entitled to liens upon said claims for work done and materials furnished to the Siskiyou Mining Company, a corporation, then the owner of the claims. The decree ordered the sale of the premises to satisfy such liens. A sale was had, the sheriff's return showing that the premises were struck off to H. J. Eldredge "on behalf of the lien-holders" for the sum of $989.11. The certificate of sale set forth a sale to H. J. Eldredge, and a sheriff's deed to the purchaser followed in due course.

Both parties claim as successors to the title so sold and conveyed in the foreclosure proceedings. The plaintiff commenced an action in the justices' court against John W. Pierpont, one of the successful lien claimants in the former suit, and in that action caused an attachment to be issued and levied upon Pierpont's interest in the claims in question. She recovered judgment, and purchased Pierpont's interest at execution sale, receiving the sheriff's certificate and deed for such interest.

The defendant relied on, and introduced in evidence, two conveyances from H. J. Eldredge to himself, one a grant, bargain, and sale deed of sixteen twenty-secondths of said claims, and the other a quitclaim deed of all of Eldredge's right, title, and interest therein.

Upon this showing, it must be held that the plaintiff failed to establish a case entitling her to the relief claimed against the defendant Malloy. The evidence offered by her showed that Pierpont, to whose interest she had succeeded, never had any legal title to the property, but was at most the holder of an equity as against Eldredge, to whom the title had passed under the foreclosure sale. Eldredge's conveyance to Malloy vested the legal title in the latter. Malloy, if he obtained Eldredge's deed with notice of Pierpont's rights, took subject to those rights, but he did, nevertheless, become the holder of the legal title. That an action to quiet title will not lie in favor of the holder of an equitable title as against the owner of the legal title is a proposition settled by repeated decisions of this court. (*Von Drachenfels* v. *Doolittle,* 77 Cal. 295, [19 Pac. 518]; *Harrigan* v. *Mowry,* 84 Cal. 456, [22 Pac. 658, 24 Pac. 48]; *Burris* v. *Adams,* 96 Cal. 664, [31 Pac. 565]; *Bryan* v. *Tormey,* 84 Cal. 126, [24 Pac. 319]; *Nidever* v. *Ayers,* 83 Cal. 39, [23 Pac. 192]; *McDonald* v. *McCoy,* 121 Cal. 55, [53 Pac. 421]; *Chase* v. *Cameron,* 133 Cal. 231, [65 Pac. 460]; *Robinson* v. *Muir,* 151 Cal. 118, [90 Pac. 521].) Under the doctrine of these cases the finding that plaintiff "is the owner and entitled to the possession" of the property in dispute is contrary to the evidence.

It is no doubt true that, where both parties assert merely equities in the land, an action under section 738 of the Code of Civil Procedure to determine adverse claims, or, as it is usually termed, an action to quiet title, may be maintained to determine which party has the superior equity. (*Tuffree* v. *Polhemus,* 108 Cal. 670, [41 Pac. 806].) But this rule has no application here. While the property in dispute consists of mining claims, on land owned in fee by the United States, the interest of locators in such land has always, except as against the government, been treated as virtually a title in fee. "From an early period of our state jurisprudence, we have regarded these claims to public mineral lands, as titles. They are so practically. . . . Our courts have given them the recognition of legal estates of freehold." This declaration, contained in the opinion in *Merritt* v. *Judd,* 14 Cal. 59, has been quoted with approval in later cases. (*Hughes* v. *Devlin,* 23 Cal. 501; *Spencer* v. *Winselman,* 42 Cal. 479.) In *Hughes* v. *Devlin,* the court said, further, that, "although the ulti-

mate title in fee in our public mineral lands is vested in the United States, yet as between individuals, all transactions and all rights, interests and estates in the mines are treated as being an estate in fee, and as a distinct and vested right of property in the claimant or claimants thereof, founded upon their possession or appropriation of the land containing the mine. They are treated, as between themselves and all persons but the United States, as the owners of the land and the mines therein." (See, also, *Belk* v. *Meagher,* 104 U. S. 279; *Forbes* v. *Gracey,* 94 U. S. 762; *Gwillim* v. *Donnellan,* 115 U. S. 45, [5 Sup. Ct. 1110].)

Under the views stated by us, the plaintiff's remedy was not to quiet title as owner, but to seek, on appropriate averments, a decree compelling defendant Malloy to convey to her a title claimed to be held by him in trust for her. Whether in this action she should be permitted to file an amended complaint with such object is primarily a question to be decided by the trial court in the event of an application for leave to so amend. As any new trial must be had on entirely different pleadings, we do not, on these appeals, undertake to consider any points made by appellant with the exception of the one hereinabove discussed.

The judgment and order appealed from are reversed.

Angellotti, J., and Shaw, J., concurred.