[L. A. No. 9219. Department One.—February 27, 1928.]

T. J. BOURN, Respondent, v. JAMES K. KIDD et al.,
Appellants.

Drapeau, Orr & Gardner for Appellants.

Clarke & Bowker and Robert M. Sheridan for Respondent.

CURTIS, J.—Action to quiet title to certain real property described in the complaint. The plaintiff's title to said real property was acquired at a sale under execution under a money judgment in his favor and against the defendant James K. Kidd. The record title to said real property at the date of said execution sale stood in the name of John E. Kidd. At the trial it was the plaintiff's contention that said defendant James K. Kidd was at the date of said execution sale the owner of said real property, and that by virtue of said sale he, the said plaintiff, became the owner thereof. The trial court found in favor of plaintiff and entered judgment in his favor as prayed for. The defendant James K. Kidd, though served with summons, made no appearance in said action and judgment was taken against him by default. The defendant John E. Kidd appeared by answer in said action and denied the allegations of the complaint. He has appealed from the judgment entered against him and is the sole appellant.

The evidence as to the ownership of said real property at the time of said execution sale, and whether it was the property of James K. Kidd or of the appellant John E. Kidd was conflicting, and the trial court in a brief but careful review of said evidence at the close of the trial, which is set out in full in the record, held that the weight thereof was in favor of plaintiff and, accordingly, made findings in plaintiff's favor. Appellant now contends that this evidence was insufficient to support the court's findings in that it only shows, if it proves anything, that the defendant James K. Kidd at the time of the execution sale owned an equitable interest only in said real property, while the legal title then stood in the name of John E. Kidd. Therefore, appellant contends, all that plaintiff acquired at said execution sale, if he acquired anything, was an equitable interest in said real property, and that an action to quiet title will not lie in favor of the holder of an equitable title, as against the owner of the legal title, citing *Buchner* v. *Malloy,* 155 Cal. 253 [100 Pac. 687] ; *Gray* v. *Walker,* 157 Cal. 381, 384 [108 Pac. 278] ; *Burns* v. *Ross,* 190 Cal. 269 [212 Pac. 17].

Conceding appellant is correct in his legal contention, we are of the opinion that he has misconceived the

purport of the evidence in the case. The evidence was to the effect not only that defendant James K. Kidd had the title to said real property taken in appellant's name, presumably for the purpose of defeating plaintiff's claim for which he had been given judgment against James K. Kidd, but that thereafter the appellant had made a deed to said real property in favor of James K. Kidd, by virtue of which the latter became and was at the date of said execution sale the legal owner of said real property, and it was this interest which plaintiff acquired at said sale. While this deed was not produced, there was evidence that appellant had admitted that he had made such a deed and delivered it to James K. Kidd. The evidence further showed that James K. Kidd exercised exclusive control and management of the property, collecting all revenues therefrom and paying all taxes and other expenses incurred in the care and preservation thereof, even to insuring the buildings on said real property in his own name, and upon the destruction of said buildings by fire collecting the insurance thereon and appropriating the proceeds thereof to his own use without any objection or protest on the part of appellant and without any demand or request for any accounting of said proceeds. The evidence was sufficient to support the findings that plaintiff was the owner in fee of said real property, and that it was not true that defendant James E. Kidd was the owner thereof.

Judgment affirmed.

Preston, J., and Seawell, J., concurred.