Díaz, Rodríguez & Co., Plaintiff and Appellee, v. G. Llinás & Co., S. en C., Defendant and Appellant.

No. 8107. Argued May 21, 1940.—Decided July 19, 1940.

352

Luis López de Victoria for appellant. Francisco Parra Capó and Francisco Parra Toro for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Díaz, Rodríguez & Company, a commercial partnership domiciled in Yauco, brought, in the District Court of Ponce, an action against G. Llinás & Company, another commercial partnership having the same domicile, and prayed for a judgment declaring that it was entitled to the use and enjoyment of certain lots of the Municipality of Yauco, and ordering the defendant to restore to the plaintiff a portion of the same which it withholds.

The defendant demurred to the complaint and its demurrer was overruled. It then answered, and the plaintiff requested and obtained the striking out of certain particulars from the answer. The case went to trial and the court, on September 13th last, sustained the complaint in part and dismissed it in part. Feeling aggrieved by that decision, the defendant took the present appeal.

The complaint sets forth two causes of action. By the first it is alleged that, as appears in a deed of May 2, 1917, which is recorded in the registry of property, the Municipality of Yauco granted to the commercial firm of Solivellas & Company the use and enjoyment, in perpetuity, of a lot situated on Muñoz Rivera, Pasarell, and Buena Vista Streets, in Yauco, measuring 1,911.83 square meters.

The area of the lot was corrected by the municipality in a deed of November 12, 1931, wherein it was declared that it contained 2,132.87 square meters, and that the municipality consented to the division of the lot into three parcels: one measuring 1,255.69 square meters, another measuring 158.05 square meters, and still another measuring 718.63 square meters.

By virtue of subsequent transfers, the right to the use and enjoyment of the first two parcels became vested in the plaintiff and that pertaining to the third parcel was acquired by the defendant.

The first count concluded by alleging that the plaintiff occupied only 1,376.96 square meters, and that the defendant was withholding the portion of 37.28 square meters that plaintiff lacked: a fact which was denied by the defendant.

In the second cause of action the uncontroverted averments were reproduced, and it was alleged that, according to a survey made by the Municipality of Yauco at the request of the plaintiff, the total area of the original lot was 2,147.06 square meters, representing an excess of 14.19 square meters which plaintiff acquired by assignment from the former owner of the right to the use of the three lots, and which the defendant withholds. The latter denied this new allegation.

To the complaint was attached a plat which comprises the whole of the original lot with markings to show what portions are occupied by the parties at present and what portion was claimed, and said plat was made a part of that pleading.

In support of its appeal the appellant in a brief consisting of seventy-eight pages assigns and discusses eight errors. The first four relate to questions raised prior to the trial, the next three refer to the introduction of the evidence, and the last one concerns the weighing thereof.

By the first assignment it is maintained that the court erred in not sustaining the demurrer for insufficiency based on the grounds that the complaint violated section 125 of the Code of Civil Procedure, that it showed on its face that any right that the plaintiff might have had was barred, and that it failed to show that the administrative remedies had been exhausted.

Section 125 of the Code of Civil Procedure provides that in an action for the recovery of real property, it must be described in the complaint with such certainty as to enable an officer upon execution to identify it.

After an examination of the complaint it is found, indeed, that the same does not contain a description of the portions of land of which the plaintiff claims to have been deprived

and which are alleged to be withheld by the defendant; but such an omission is supplied by the exhibited plat, and this is sufficient.

■ In support of the contention that the action had prescribed, there are invoked sections 1360 and 1361 of the Civil Code, 1930 ed., which form part of the provisions of said code that relate to contracts of sale, particularly those provisions having reference to the delivery of the thing sold. As no contract of sale or delivery of the thing sold by the vendor is involved, said sections have no application herein.

Moreover, as maintained by the plaintiff in its brief:

"The theory of the appellee was that the strip of land in controversy was not only covered by its acquired title to the right of use and enjoyment, but also in point of fact covered by the purchase of said right which it made from the National City Bank of New York, whose manager, Mr. Ramiro Lázaro, had received offers from the appellant, an adjoining owner, for the sale of the right of using the parcel in question."

■ Nor is the appellant right in maintaining that, in a case like the present, it was necessary to exhaust the administrative remedies before resorting to the courts of justice. It cites the fifth paragraph of section 70 of the Municipal Law in force (Laws of 1928, p. 390); but the procedure therein prescribed refers to the forfeiture of grants of lots, and here no such forfeiture is involved. Here the action proceeded on the basis of an existing grant. There was no error.

■■ By the second assignment it is maintained that the trial court erred in overruling the demurrer for nonjoinder of parties defendant, the municipality, owner of the fee in the two lots which both parties occupy, not having been made a party to the action. In our judgment, the court did not err, either, in acting as it did.

The municipality is not a necessary party, because the sole purpose of the action is to determine the actual extent of the usufruct granted in order to adjust the same to the

terms of the grant, without this implying any alteration in the substance of the property. Any judgment that might be rendered would not affect the legal title held by the municipality.

In these circumstances, we consider as applicable the following jurisprudence:

"Necessary parties to an action in the capacity of defendants are those who are interested in resisting the demands of the plaintiff either immediately or consequently and whose rights would be prejudicially affected by the controversy." *Rowland* v. *Horst*, 188 Cal. 772.

"Nothing is asked from either of them and they are in no way necessary parties to a determination of the respective rights of appellant and respondents in the property which is sought in this action." *Burns* v. *Ross*, 190 Cal. 269, 272.

■ By the third assignment it is maintained that the court erred in striking out, on motion of the plaintiff, certain particulars from the answer of the defendant.

We will not consider in detail the questions involved, as it would unnecessarily extend this opinion. It will suffice to say that, if there was any error the same was harmless, because the questions raised in the matter that was stricken out were decided in passing upon the demurrers, or the defendant was permitted to introduce evidence as to them and in spite of that the complaint was sustained, or they relate to that part of the complaint which was dismissed by the district court itself.

■ That the court erred in interpreting the stipulation contained in the deposition made by Loreto Viqueira is urged in the fourth assignment.

The incident which gave rise to that assignment covers sixteen pages of the record. We will not discuss it in detail. Suffice it to say that what is observed is that, after a long and unnecessary discussion, the defendant failed to understand fully the scope of the final ruling of the court, and that, in any event, if there was any error the same was not prejudicial, as the essential objection which the party seems

to have to the admission of the deposition was raised and decided, and will be considered by this court in connection with the testimony of other witnesses, as we shall see presently.

The fifth assignment charges that the district court erred in admitting parol evidence to vary the terms of the principal and written contract whereby the defendant acquired the usufruct of the lot involved in the suit.

This question was raised in connection with the testimony of the witnesses Jaime Viqueira, Modesto Torres, Ramiro Lázaro, and Antonio Rodríguez, and the deposition in whose admission the preceding assignment of error originated.

We have examined the testimony and the deposition and the large number of exceptions taken by the defendant, and we agree with the plaintiff that the terms of the original contract are not varied. The latter subsists in the form it was made and embodied in a public deed. The testimony and the deposition related to the existence of a fence at a place where it did not belong and to the admission on the part of the defendant that such was the fact, also to certain warnings given to the defendant. Therefore, the trial judge committed no error in admitting them.

The sixth assignment refers to the admission in evidence of the plat attached to the complaint.

If there was any error, the same caused no prejudice. The trial court itself said:

"The plat that was attached to the complaint by the plaintiff Díaz, Rodríguez & Co. has no probative value for us, since the evidence which is before us shows that the defendant was not summoned or notified, nor had notice of the survey referred to in the second paragraph of the second count. Furthermore, we will say that according to a certificate issued by the Board of Examiners of Engineers, Architects, and Surveyors, Mr. Juan Bautista Filardi, who made the plat, does not appear registered in the office of the secretary of that body as holding either the license of a civil engineer or that of a surveyor."

Moreover, the plat was not finally necessary inasmuch as the evidence introduced by the plaintiff supplied all the information that the same contained.

■ The seventh error relates to the refusal of the court to strike out the testimony of the engineer Edil M. Rivera.

The competency of the witness was admitted by the defendant, but the latter maintains that his testimony can not be considered because the witness made a survey without summoning the proprietor and the adjoining owners.

The witness testified that he had been instructed to survey the lot usufructed by the defendant just as it was. "Its boundaries, just as they are," he stated. "There is a fence, a stockade, just as it is."

He performed the work and testified before the court as to the result obtained. The task could be physically accomplished from the outside without difficulty, as there were involved boundaries touching streets and the lot usufructed by the plaintiff who engaged him to do the work: streets and fences which enclosed a perfectly determined tract of land. This being so, there is not involved the establishment of any boundary but an expert conclusion based on a direct study made by a person whose competency therefor, we repeat, was acknowledged by the defendant. The court's refusal was justified. There was no error.

■ By the last assignment it is maintained that the court erred in weighing the evidence.

A bitter controversy is involved herein, and this circumstance has rendered the prosecution of the suit a complex proceeding. The statement of the case and opinion reveals a careful and conscientious study on the part of the district court. We think that its judgment should be sustained.

The instruments of title are clear and detailed. They not only state the areas of the lots in square meters and decimeters, but they also fix the length of the sides of each lot in meters and centimeters. A calculation effected on the ground was sufficient, and after it was made by a competent

witness it showed that, enclosed by the streets and the fences, the defendant held 47.55 square meters which the court adjudged should be immediately resorted to the plaintiff.

An explanation of what happened appears clearly from the testimony of the witnesses. Let us see, for example, the testimony of Loreto Viqueira. It was in its pertinent part as follows:

"Don Loreto, while you were the owner of the right to its use and enjoyment, was that lot considered as a single parcel or not?

"No.

"Into how many parcels was it divided?

"Into three.

"At the time you sold the usufruct on the parcel which abuts on Manuel A. Negrón Street to Solivellas & Co., Sucrs., were there any inside fences separating it from the other parcels?

"I do not remember; but it seems to me that when I sold it to Solivellas & Co., Sucrs., I think that there were none, because the three parcels belonged to us. When selling to Solivellas no division was made, as they were ours...there were no fences, I remember it well now. I put it up afterwards.

"Was there any fence erected subsequently, to separate the northern parcel sold to Solivellas & Co., Sucrs., from the other two parcels?

"Subsequently, yes, and I am going to state to you when. The boys leased an adjoining house, that of the widow of Vicario, and in order to communicate from the inside we perforated a wall on the Vicario boundary, and then the fence which is the object of the suit you now have, was erected.

"Don Loreto, that fence to which you refer, for what purpose was it erected?

"In order to prevent the employees and workmen of the two factories and even of the house of Mrs. Vicario from communicating with one another.

"When the wall serving as a boundary between Mrs. Vicario and your lots was perforated, for what purpose was that opening used, to serve as a passage between what lots?

"It served as an entrance to the three lots and to all the buildings.

"  *        *        *        *        *        *        *        *

"Where did you place that fence?

"At that time, when the perforation in the wall was made at the place best suited to establishing the connection, then we erected the fence at the place best adapted for the purpose.

"⁂    ⁂    ⁂    ⁂    ⁂    ⁂    ⁂    ⁂    ⁂

"Did the lot that you assigned to Solivellas & Co., Sucrs., later become the property of G. Llinás & Co.?

"Yes, sir.

"In what capacity did you intervene?

"As managing partner of Solivellas & Co., Sucrs.

"In connection with what you have stated to us regarding the zinc and wood fence built by you, did you ever talk about it to the partners of G. Llinás & Co.?

"Yes, sir. To Jorge Llinás and I told him that that fence did not belong to him and that he knew that it had to be moved nearer to the chocolate factory. You may be as certain of that as of the light of the day; and my son Jaime was also present, and besides Jorge Llinás knew that the fence was not in its proper place due to the intimate friendship between us and his knowledge of our business.

"Are you positively sure that when G. Llinás & Co. took charge of that parcel where the chocolate factory is located, the one facing Negrón Street, you warned Jorge Llinás that the fence stood within the land belonging to you along the distance that you have mentioned?

"Yes, sir, I am sure."

The district court commented on the testimony of the witness Lázaro as follows:

"The testimony of Don Ramiro Lázaro, Manager of the National City Bank of New York in this city of Ponce, deserves full credit on our part. His statements corroborate the testimony given by Don Loreto Viqueira Villanueva, in the sense that Jorge Llinás, a member of the defendant partnership, knew that that strip of land did not belong to it."

The defect which we find and which does not carry with it a reversal of the judgment, as it may be cured by amendment by the district court in view of the information incorporated in the record, is that said judgment does not contain a full description of the parcel of 47.55 square meters which is ordered to be restored.

Therefore, the judgment appealed from must be affirmed with directions to the lower court to add thereto an exact and complete description of the portion of land which must be restored to the plaintiff.

Mr. Justice De Jesús took no part in the decision of this case.