DÍAZ, RODRÍGUEZ & COMPAÑÍA, demandante y apelada, *v.* G. LLINÁS & CÍA., S. EN C., demandada y apelante.

Núm. 8107.—*Sometido:* Mayo 21, 1940. *Resuelto:* Julio 19, 1940.

*Luis López de Victoria,* abogado de la apelante; *Francisco Parra Capó* y *Francisco Parra Toro,* abogados de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Díaz, Rodríguez y Compañía, una sociedad mercantil domiciliada en Yauco, demandó en la Corte de Distrito de Ponce a G. Llinás y Compañía, otra sociedad mercantil del mismo domicilio, en solicitud de una sentencia declarando que era dueña del derecho de uso y aprovechamiento de ciertos solares del Municipio de Yauco y ordenando a la demandada que le entregara la parte de los mismos que detenía.

Excepcionó la demanda la demandada y su excepción fué declarada sin lugar. Contestó y la demandante solicitó y obtuvo la eliminación de ciertos particulares de la contestación. Fué el pleito a juicio y la corte, el 13 de septiembre último, declaró la demanda en parte con lugar y sin lugar en parte. No conforme la demandada, interpuso el presente recurso de apelación.

En la demanda se ejercitan dos causas de acción. Por la primera se alega que según resulta de escritura de mayo 2, 1917, inscrita en el Registro, el Municipio de Yauco cedió a la mercantil Solivellas y Compañía, el uso y aprovechamiento a perpetuidad de un solar ubicado en las calles de Muñoz Rivera, Pasarell y Buena Vista de Yauco, de 1,911 metros 83 centímetros cuadrados.

La cabida del solar fué rectificada por el municipio haciéndose constar por escritura de noviembre 12, 1931, que dentro

de sus límites había 2,132 metros 87 centímetros cuadrados, y que el municipio consentía en que el solar se dividiera en tres porciones, una de 1,255 metros 69 centímetros cuadrados, otra de 158 metros y 5 centímetros cuadrados y otra de 718 metros 63 centímetros cuadrados.

A virtud de posteriores trasmisiones el derecho al uso y aprovechamiento de los solares uno y dos pasó a la propiedad de la demandante y el del tres a la demandada. Ésta admite la verdad de todos esos hechos.

La primera causa de acción termina alegando que la demandante sólo está en posesión de 1,376 metros 96 centímetros cuadrados y que la demandada detenta la porción de 37 metros 28 centímetros cuadrados que le falta, hecho que negó la demandada.

Por la segunda causa de acción se reprodujeron los hechos aceptados y se alega que según mensura practicada por el Municipio de Yauco a instancias de la demandante, la cabida total del primitivo solar asciende a 2,147 metros 6 centímetros cuadrados lo que revela un excedente de 14 metros 19 centímetros cuadrados que la demandante adquirió por cesión que le hiciera el anterior dueño del derecho al uso de los tres solares, y que detenta la demandada. Ésta negó la nueva alegación.

A la demanda se acompañó un plano que abarca el solar primitivo en toda su extensión con indicación de lo que está actualmente en posesión de las partes y de lo que se reclama, plano que se hizo formar parte de la misma.

Para sostener su recurso, en un alegato de setenta y ocho páginas, la apelante señala y discute ocho errores. Los cuatro primeros versan sobre cuestiones suscitadas antes del juicio, los tres siguientes se levantan con motivo de la práctica de la evidencia y el último se refiere a la apreciación de la prueba.

█ Se sostiene por el primero que la corte erró al no declarar con lugar la excepción previa de falta de hechos determinantes de una causa de acción, porque infringe el

artículo 125 del Código de Enjuiciamiento Civil, porque pone de manifiesto que el derecho que pueda tener la demandante está prescrito y porque no demuestra que se agotó la vía gubernativa.

El artículo 125 del Código de Enjuiciamiento Civil dispone que en una acción para recobrar propiedad inmueble, ésta deberá describirse en la demanda con tal precisión que un agente judicial pueda identificarla en caso de ejecución.

Examinada en efecto la demanda se encuentra que no contiene la descripción de las porciones que alega que le faltan a la demandante y que detenta la demandada, pero esa falta la suple el plano acompañado, y ello es bastante.

■ Para sostener que la acción había prescrito se invocan los artículos 1360 y 1361 del Código Civil, ed. 1930, que forman parte de sus disposiciones relativas al contrato de compraventa y especialmente de las dictadas para aplicarse a la entrega de la cosa vendida, y aquí no se trata de un contrato de compraventa ni de la entrega de la cosa vendida por parte del vendedor, no siendo por tanto aplicables dichos artículos.

Además, como sostiene la demandante en su alegato:

"La teoría de la apelada fué que la faja de terreno en discusión no solamente estaba comprendida en sus títulos de adquisición del derecho de uso y aprovechamiento, sino además que como cuestión de hecho estaba también comprendida en la compra que de dicho derecho hizo al National City Bank of New York, cuyo Gerente Sr. Ramiro Lázaro había recibido ofertas de la apelante, quien era su colindante, para adquirir por compra el derecho de uso de la faja en cuestión."

■ Tampoco tiene razón la apelante al sostener que era necesario agotar la vía gubernativa en un caso como éste, antes de poderse acudir a los tribunales de justicia. Cita el párrafo quinto del artículo 70 de la Ley Municipal vigente, Leyes de 1928, pág. 391, pero el procedimiento en él fijado se refiere al caso de la caducidad de concesiones de solares y aquí no se trata de caducidad alguna. Aquí se actúa sobre la base de una concesión vigente. No hubo error.

■■ Por el segundo señalamiento se sostiene que la corte sentenciadora erró al declarar sin lugar la excepción previa de defecto de parte demandada, por no haberse hecho parte en la acción al municipio, dueño de la nuda propiedad de los solares que ambas partes poseen. A nuestro juicio tampoco erró la corte al actuar en la forma en que lo hizo.

El municipio no es parte necesaria porque la acción entablada se encamina únicamente a determinar sobre el terreno la extensión del derecho usufructuario concedido para ajustarlo a los términos de la concesión, sin que ello implique alteración alguna de la propiedad. Cualquier sentencia a dictarse no afectaría el derecho a la nuda propiedad del municipio.

Bajo esas circunstancias consideramos aplicable la siguiente jurisprudencia:

"Partes necesarias, en la capacidad de demandados, son aquéllas interesadas, o que se alega que están interesadas en oponerse a las reclamaciones del demandante, ya inmediata o consiguientemente, y cuyos derechos pueden ser afectados perjudicialmente por la controversia." *Rowland* v. *Horst,* 188 Cal. 772.

"A la inversa, las personas de quienes nada se requiere no son partes necesarias demandadas y no son en forma alguna esenciales para la determinación de los respectivos derechos del demandante o demandado." *Burns* v. *Ross,* 190 Cal. 269, 272.

■ Por el señalamiento tercero se sostiene que la corte erró al decretar a petición de la demandante la eliminación de ciertos particulares de la contestación de la demandada.

No trataremos en detalle las cuestiones envueltas porque ello extendería innecesariamente nuestra opinión. Bastará decir que si hubo error, no fué perjudicial porque las cuestiones suscitadas en lo eliminado o fueron resueltas al resolverse las excepciones previas, o se permitió a la parte demandada introducir evidencia sobre ellas y eso no obstante la demanda fué declarada con lugar o se refieren a la parte de la demanda declarada sin lugar por la propia corte de distrito.

■ Que erró la corte al interpretar la estipulación comprendida en la deposición tomada a don Loreto Viqueira, se sostiene por el cuarto señalamiento.

El incidente que motiva el error ocupa alrededor de diez y seis páginas del récord. No vamos a referirnos a él en detalle. Bastará decir que lo que se advierte después de una discusión prolongada e innecesaria es que la parte demandada no entendió bien el alcance de la regla final de la corte y en todo caso que si hubo error no fué perjudicial pues la oposición fundamental que parece que la parte tenía a que se admitiera la deposición fué levantada y resuelta y será considerada por esta corte con motivo de las declaraciones de otros testigos como veremos en seguida.

El quinto señalamiento imputa error a la corte de distrito al admitir evidencia oral tendiente a cambiar las condiciones del contrato principal y escrito por el cual la demandada adquirió el usufructo del solar a que se refiere el pleito.

La cuestión se levantó con motivo de las declaraciones de los testigos Jaime Viqueira, Modesto Torres, Ramiro Lázaro, Antonio Rodríguez y de la deposición cuya admisión dió origen al señalamiento de error que antecede.

Hemos examinado las declaraciones y la deposición y el gran número de excepciones tomadas por la parte demandada y estamos conformes con la parte demandante en que no se varían los términos del contrato original. Éste subsiste tal como fué acordado y consta de escritura pública. Las declaraciones y la deposición versaron sobre la existencia de una cerca en sitio que no era el que correspondía y la admisión por parte de la demandada de que ello era así y sobre advertencias hechas a la demandada. En tal virtud no cometió el juez sentenciador error alguno al admitirlas.

■ El sexto señalamiento se refiere al error atribuído a la corte al admitir el plano acompañado a la demanda.

Si hubo error, no fué perjudicial. La propia corte sentenciadora se expresó así:

"Para nosotros no tiene ningún valor probatorio el plano que se acompañó a la demanda por la actora Díaz, Rodríguez y Cía., toda vez que la prueba que tenemos ante nosotros nos demuestra que la demandada no fué citada, ni notificada, ni tuvo conocimiento de la mensura a que se refiere el hecho 2º. de la segunda causa de acción. Abundando aún en más razonamientos tenemos que decir que según la certificación expedida por la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, el Sr. Juan Bautista Filardi, quien trazó el plano, no aparece en la secretaría de aquel organismo con licencia de ingeniero civil ni con licencia de agrimensor.''

Además el plano no fué finalmente necesario porque la evidencia aportada por la demandante suplió los datos que el mismo contenía.

El séptimo error se atribuye a la corte al negarse a eliminar la declaración del ingeniero Edil M. Rivera.

La capacidad del testigo fué admitida por la parte demandada pero ésta sostiene que su declaración no puede tomarse en consideración porque el testigo realizó una operación de mensura sin que citara a los dueños y colindantes.

El testigo declaró que recibió encargo de medir el solar usufructuado por la demandada tal como se encontraba. ''Sus linderos, tal como están ahí,'' dijo, ''hay una cerca, una valla, tal como está.''

Realizó el acto y declaró ante la corte sobre el resultado obtenido. La operación pudo realizarse físicamente sin dificultad por la parte exterior porque se trata de colindancias con calles y con el solar usufructuado por la demandante que fué la que dió el encargo, calles y cercas que encierran una porción de terreno perfectamente determinada. Siendo ello así, no se trata de un deslinde sino de una conclusión pericial basada en un examen directo practicado por una persona cuya capacidad para ello, repetimos, fué reconocida por la parte demandada. La negativa de la corte estuvo justificada. No hay error.

Por el último señalamiento se sostiene que erró la corte al apreciar la prueba.

Se trata de un pleito enconado, circunstancia que lo hizo complicado en su tramitación. La relación del caso y opinión revela un estudio detenido y concienzudo por parte de la corte de distrito. Creemos que su fallo debe sostenerse.

Los títulos son claros y detallados. No sólo dan en metros y centímetros cuadrados la superficie de los solares si que fijan también en metros y centímetros la extensión de los lados de cada uno. Basta un cálculo sobre el terreno y hecho ese cálculo por testigo competente revela que dentro de las calles y las cercas tiene la demandada los 47.55 metros cuadrados que la corte le ordenó por su sentencia que entregara inmediatamente a la demandante.

La explicación de lo ocurrido surge clara de lo declarado por los testigos. Veamos, por ejemplo, el testimonio de Loreto Viqueira. Fué, en lo pertinente, así:

"¿Don Loreto, ese solar mientras fué usted el dueño del derecho de uso y aprovechamiento sobre el mismo, se consideró siempre como una sola parcela o no?

"No.

"¿En cuántas parcelas fué dividido?

"En tres.

"¿Al tiempo de vender usted su derecho de uso y aprovechamiento sobre la parcela que colinda con la Calle Manuel A. Negrón a Solivellas & Co., Sucrs., existían cercas interiores que la separaran de las otras dos parcelas?

"No recuerdo, pero me parece que cuando yo le vendí a Solivellas & Co., Sucrs. me parece que no las había porque eran nuestras las tres parcelas. Al vender a Solivellas no se hizo división porque eran nuestras....no había cercas, lo recuerdo ahora bien. La puse después.

"¿Se levantó alguna cerca posteriormente que separara la parcela del lado Norte vendida a Solivellas & Co., Sucrs. de las otras dos parcelas?

"Posteriormente sí y le voy a decir cuándo. Los muchachos arrendaron una casa al lado contiguo, la de la Vda. de Vicario pero para comunicarnos interiormente se rompió una muralla por la colindancia de Vicario y entonces al romperse la muralla se hizo la cerca esa objeto del litigio que tienen ustedes hoy.

"¿Esa cerca, Don Loreto, a que usted se refiere con qué objeto se levantó?

"Para evitar que los empleados y obreros de las dos fábricas y hasta de casa de la Vda. de Vicario se comunicaran entre sí.

"¿Al romperse la muralla de la colindancia entre la Vda. de Vicario y los solares propiedad de usted a través de esa abertura que se hizo, se dió comunicación a qué solares?

"Se daba entrada a los tres solares y a todos los edificios.

.     .     .     .     .     .     .     .     .

"¿Dónde tiró usted esa cerca?

"En aquel momento al romper la muralla en el sitio que era más fácil para establecer la conexión entonces hicimos la cerca en el sitio que más fácil venía para la comunicación.

.     .     .     .     .     .     .     .     .

"¿Quedó esa cerca en terrenos de Solivellas & Co., Sucrs.?

"No, quedó en terreno mío.

.     .     .     .     .     .     .     .     .

"¿El solar que usted cedió a Solivellas & Co., Sucrs. pasó luego a ser de la propiedad de G. Llinás & Co.?

"Sí, señor.

"¿Intervino usted en la venta que hiciera Solivellas & Co., Sucrs. a G. Llinás & Co.?

"Sí, señor.

"¿En qué carácter intervino usted?

"Como socio gestor de Solivellas & Co., Sucrs.

"¿En relación con lo que usted nos ha explicado respecto a la cerca de zinc y madera construída por usted, habló usted alguna vez con los socios de G. Llinás & Co.?

"Sí, señor. Con Jorge Llinás y le dije que aquella cerca no le pertenecía y que él sabía que había que ponerla más hacia la fábrica de chocolate. Eso puede estar usted seguro que es verdad como el día que nos alumbra; y mi hijo Jaime estaba también presente y además Jorge Llinás sabía eso de que la cerca no estaba en su sitio debido a la amistad íntima que nos unía y conocía nuestros negocios.

"¿Ud. está positivamente seguro que al hacerse cargo G. Llinás & Co. de esa parcela donde está la fábrica de chocolate o sea la que da a la calle Negrón, usted advirtió a Jorge Llinás que la cerca quedaba en terrenos propiedad de usted en la distancia a que usted se ha referido antes?

"Sí, señor. Estoy seguro."

Y la apreciación que la corte de distrito hace de la declaración del testigo Lázaro, como sigue:

"El testimonio de Don Ramiro Lázaro, Gerente del National City Bank of New York en esta ciudad de Ponce, nos ha merecido entero crédito. Su declaración corrobora el testimonio prestado por Don Loreto Viqueira Villanueva, en el sentido de que Jorge Llinás, socio de la demandada, tenía conocimiento de que esa faja de terreno no le pertenecía."

La falta que encontramos y que no lleva consigo la revocación de la sentencia pues es susceptible de enmienda por la corte de distrito a virtud de los datos que constan de los autos, es que la dicha sentencia no contiene una descripción completa de los cuarenta y siete metros y cincuenta y cinco centímetros cuadrados que se mandan entregar.

*Debe en su consecuencia declararse sin lugar el recurso y confirmarse la sentencia apelada con orden a la corte de distrito que la adicione con una descripción exacta y completa de la porción de terreno que se manda reintegrar a la demandante.*

El Juez Asociado Sr. De Jesús no intervino.