Filed 6/24/22  Vishnevsky v. Zingerman CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| YELENA VISHNEVSKY,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BORIS ZINGERMAN et al.,<br><br>Defendants and Respondents. | B312268<br><br>(Los Angeles County Super. Ct. No. 19VECV00505) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Reversed with directions.

Law Offices of Jeffrey A. Cohen, Jeffrey Aaron Cohen; Marcus, Watanabe & Enowitz and Daniel Joshua Enowitz for Plaintiff and Appellant.

No appearance for Defendant and Respondent Boris Zingerman.

Law Office of Jeff Katofsky, Jeff C. Katofsky and Michael Hayden Leff for Defendant and Respondent Granada Hills Discount Farmacy, Inc.

_____

Appellant Yelena Vishnevsky is a director of respondent Granada Hills Discount Farmacy, Inc. (GHDF). She has sued to remove Boris Zingerman, a GHDF codirector, for "fraudulent or dishonest acts or gross abuse of authority." (Corp. Code, §§ 304, 7223.)[1] Zingerman was convicted of felony drug crimes in 2010; appellant waited until 2019 to bring her lawsuit to remove him as a director. The trial court sustained demurrers without leave to amend, citing the statute of limitations.

Appellant's current pleading, based on Zingerman's 2009 malfeasance, is untimely. However, she proposes to amend the pleading to show that he engaged in more recent dishonest and disloyal acts. We reverse and remand so that appellant can file an amended pleading containing allegations about Zingerman's dishonest acts after 2015.

## ALLEGATIONS

In April 2009, appellant and Zingerman purchased GHDF, a cannabis collective. They were GHDF's sole shareholders, directors, and officers. In May 2009, they made GHDF a nonprofit mutual benefit corporation. Zingerman operated the business's day-to-day affairs.

In July 2009, Zingerman was arrested at GHDF for drug possession with intent to sell; he pleaded guilty to a felony in 2010. As part of Zingerman's plea, the court ordered the closure of GHDF. Zingerman did not call a board meeting to discuss his agreement to close GHDF in his criminal case.

In 2012, Zingerman successfully petitioned the court to dismiss his conviction but did not inform appellant about it. Appellant asked Zingerman every year about reopening the business; he told her it was impossible because GHDF was shuttered by court order. Zingerman advised appellant in 2018 that he consulted an attorney who told him " 'the shop is dead' " and its license could not be restored.

---

[1] Unlabeled statutory references are to the Corporations Code.

2

In September 2018, appellant discovered that "third party hijackers" filed false documents with the state showing GHDF merged with another entity in 2014.  The third parties operate GHDF as a for-profit cannabis dispensary.  Around the same time, appellant learned that Zingerman's criminal record was expunged, ending the court order closing GHDF.

Appellant met with Zingerman in November 2018.  She requested GHDF's books and records, later learning that Zingerman took $20,000 to $30,000 per day from GHDF while it operated in 2009.  He failed to account for the money; did not reimburse appellant for her investment in GHDF; took GHDF's safe and did not account for its contents; and induced appellant to invest hundreds of thousands of dollars while falsely claiming she would be reimbursed from business proceeds.

## PROCEDURAL HISTORY

When appellant filed this lawsuit on April 8, 2019, she named Zingerman as defendant and sought GHDF's books and records.  She amended her pleading to add a cause of action to remove Zingerman as a director.  He demurred but did not dispute that "third party hijackers" filed false documents and are operating GHDF.  The court overruled the demurrer to the first cause of action seeking records; it sustained a demurrer to appellant's cause of action to remove Zingerman and directed appellant to add GHDF as a defendant.

Appellant's second amended complaint names GHDF and Zingerman as defendants and asserts claims to inspect corporate records and remove a director.  Zingerman answered, alleging that he is still a director and officer of GHDF, and denying that he transferred GHDF to anyone.  GHDF demurred, arguing that appellant's lawsuit is untimely.  Appellant replied that she sufficiently pleaded claims to remove Zingerman as director, and tolling principles apply.  She dismissed without prejudice her first cause of action seeking books and records.

At appellant's request, we take judicial notice of her pending derivative suit against GHDF and the individuals who claim to own it, Jeremy Thomas and Dyan Cuzzort.  (*Vishnevsky v. Granada Hills*

3

*Discount Farmacy, Inc. et al.* (Super. Ct. L.A. County, No. 20STCV33410).)  The trial court issued an order relating this case with the case against Thomas and Cuzzort.

## THE COURT'S RULING

The court applied a four-year statute of limitation.  It cited appellant's reasons for seeking Zingerman's removal as a director:  he converted and failed to account for GHDF's income; favored his family over GHDF's interests; refused to turn over corporate records; and failed to reimburse appellant for her investment.  It found appellant knew or should have known of this malfeasance by the time the business was shuttered in 2010 as part of Zingerman's guilty plea, making her 2019 lawsuit five years late.  The court rejected appellant's equitable tolling claim arising from Zingerman's concealment of his activities.  It noted that appellant did not allege that Zingerman had anything to do with the 2014 " 'hijacking' " of GHDF.  The court sustained the demurrers without leave to amend.

Though only GHDF demurred to the second amended complaint, and Zingerman answered the pleading without demurring, the court signed a judgment in favor of both GHDF and Zingerman.  In supplemental briefing, appellant explains that the court directed the parties to include Zingerman in the judgment.  Zingerman did not file a brief in this appeal but GHDF (by counsel representing Cuzzort and Thomas) argues that appellant cannot proceed against Zingerman.

## DISCUSSION

### 1.  Appeal and Review

Appeal lies from the judgment after demurrers are sustained without leave to amend.  (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667.)  We review pleadings de novo, accepting the truth of the complaint's material facts.  (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)  New legal theories may be raised on appeal.  (*Dudley v. Department of Transportation* (2001) 90 Cal.App.4th 255, 259.)

4

## 2. Removal of Director Claim

Appellant seeks to remove Zingerman as a director, citing the court's equitable powers and two statutes. She alleges that Zingerman should be removed for acting criminally while operating GHDF, causing it to be shut down when he pleaded guilty to a felony; he converted and failed to account for corporate property; engaged in nepotism "over plaintiff's objections" by hiring his son and wife; harmed GHDF's interests by pleading guilty to protect his son; failed to reimburse appellant for money she advanced to GHDF; and other unspecified misconduct. The court sustained GHDF's demurrers without leave to amend, finding that the claims are time-barred.

### a. Statute of Limitations

Appellant cites statutes authorizing the court to "remove from office any director in case of fraudulent or dishonest acts or gross abuse of authority or discretion with reference to the corporation." (§§ 304, 7223.)[2] Apart from statutory authority to remove directors, courts have inherent equitable power to remove directors from office for breach of fiduciary duty. (*DeGarmo v. Goldman* (1942) 19 Cal.2d 755, 761.)

Appellant contends that no statute of limitations applies to a cause of action to remove directors. We disagree. "[W]hether the action is in equity or in law a statute of limitations is applicable." (*Estate of Peebles* (1972) 27 Cal.App.3d 163, 166; *Meigs v. Pinkham* (1910) 159 Cal. 104, 111.) " '[T]he statute begins to run when the wrong complained of is done.' " (*Burns v. Ross* (1923) 190 Cal. 269, 277.) Appellant cites statutes exempting certain claims from a limitations period. (Code Civ. Proc., § 348 [no time limit on action to recover money deposited in a bank]; Code Civ. Proc., § 348.5 [no limit on action on a state bond]; Pen. Code, § 799, subd. (a) [no limit on murder prosecutions].) These statutes show the Legislature carved out exceptions in specified instances; otherwise, a statute of limitation applies. No exemption applies here.

---

[2] Section 304 allows shareholders to bring suit. Section 7223 allows a director of a nonprofit to bring suit.

5

When, as here, claims are not encompassed by a specific statute of limitations, they fall within the four-year "catch-all" statute. (Code Civ. Proc., § 343; see *Schneider v. Union Oil Co.* (1970) 6 Cal.App.3d 987, 993 [four-year limitation period for shareholder action alleging wrongful transfer of shares]; *FDIC v. McSweeney* (9th Cir. 1992) 976 F.2d 532, 534–535 [four-year limitation period for action against directors who breached their fiduciary duties].)

Appellant lists Zingerman's alleged misconduct: His 2009 failure to account for large sums of money he took from GHDF or the contents of a safe he removed from the business. His 2010 felony conviction, closure of GHDF by court order, and failure to get board approval of his plea bargain. His 2012 failure to disclose the dismissal of his criminal record. Under a four-year statute of limitations, appellant's 2019 lawsuit was untimely.

### b. Delayed Discovery Rule

Appellant asserts "she did not discover that Zingerman had absconded with [GHDF's] proceeds, and stole its safe, until *after this action was filed*" and it is a question of fact whether the delayed discovery rule applies. This rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807.) Plaintiffs have presumptive knowledge of an injury "if they have ' " '*the opportunity to obtain knowledge* from sources open to [their] investigation.' " ' " (*Id.* at p. 808.) To assert delayed accrual, the plaintiff " 'must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' " (*Ibid.*) In assessing the sufficiency of plaintiff's allegations, "the court places the burden on the plaintiff to 'show diligence.' " (*Ibid.*)

Appellant fails to show diligence. She was entitled to inspect GHDF's books, records, and property since becoming a shareholder and director in 2009. (§ 1601 [shareholder has the right to inspect corporate books and records]; § 1602 [directors have "the absolute right" to inspect all books, records, documents and property].) The

6

nonprofit corporation law confers similar rights. (§§ 6333 [member's right], 6334 [directors have "the absolute right" to inspect books, records, and property].)

Appellant's belated decision to exercise her rights in 2018 does not support application of the delayed discovery rule. Since the inception of the enterprise, she could have monitored GHDF's profits and the company safe, in a cash-only cannabis business. Despite the manifest injury to her financial interests, appellant abdicated her rights and responsibilities as a director when GHDF was raided and Zingerman was arrested in 2009.

Parties may not sleep on a right for years before acting to enforce it. Appellant's suspicions should have been aroused when Zingerman was arrested; if she had acted expeditiously when he was convicted in 2010, she could have declared his position as director vacant (§ 302 ["The board may declare vacant the office of a director who has been . . . convicted of a felony"]) and could appoint another director (§ 305). If GHDF was a nonprofit, appellant could have had Zingerman removed for "dishonest acts or gross abuse of authority or discretion" (§§ 5223, 7223) and replaced him (§§ 5224, 7224). Instead, she waited a decade to seek his removal.

### c. Equitable Estoppel

Appellant invokes the principle that " ' "one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought." ' " (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 383 (*Lantzy*).)[3] A defendant need not perpetrate a fraud to be estopped. (*Id.* at p. 384.) Instead,

---

[3] Equitable estoppel, as codified, applies "[w]henever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing to be true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." (Evid. Code, § 623.)

7

" ' " 'it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss.' " ' " (*Ibid*.)

"[F]our elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." (*Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305.) The reliance must be reasonable and the "statement or conduct must amount to a misrepresentation bearing on the *necessity* of bringing a timely suit." (*Lantzy, supra*, 31 Cal.4th at p. 384, fn. 18; *Doe v. Marten* (2020) 49 Cal.App.5th 1022, 1028 [plaintiff must show "a misrepresentation or nondisclosure of a material *fact* bearing on the necessity of bringing a timely suit"].)

Appellant's claim is based on Zingerman's conversion of corporate assets, failure to account for property, nepotism, concealment of books and records, and failure to disclose the dismissal of his criminal conviction. She does not allege that he misled her with material nondisclosures or misrepresentations bearing on the need to file suit. As a director, appellant had the right to inspect GHDF's books but did not do so until 2018. She ignored her responsibilities after Zingerman's arrest in 2009, when she may have avoided GHDF's closure by promptly seeking his removal as director.

Appellant contends that Zingerman's nondisclosure of the 2012 dismissal of his conviction prevented her from acting. She argues, "As long as Appellant believed there was a Court Order in place preventing it from re-opening, being sold or transferred, she had no reason to seek Zingerman's removal as a director." We disagree. Appellant was alerted to the need to act as member/owner/director/officer of GHDF once the business was raided in 2009, when she learned Zingerman was

8

operating it as a front for drug trafficking.  No trier of fact could find that appellant's inaction for 10 years was reasonable.

### 3.  **Request to Amend**

Appellant requests leave to amend.  (Code Civ. Proc., § 472c, subd. (a); *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746 ["leave to amend is always open on appeal"].)  Even if appellant did not ask the trial court for leave to amend, that does not prevent her from raising the issue for the first time on appeal.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971.)  She must show a reasonable possibility that an amendment could cure the complaint's defects. (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050; *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.)

Appellant proposes to allege that Zingerman (1) secretly tried to sell GHDF from 2016 to 2018 while telling appellant the business could not be revived or sold; (2) refused to authorize a lawsuit against the people who "hijacked" GHDF, forcing appellant to file a derivative action on her own; (3) did not give appellant access to GHDF's books in 2018 until she filed this lawsuit; and (4) represented in 2009 that GHDF could not repay appellant because police confiscated its assets and asked her to use her home as collateral for his bail.

Appellant's first three proposals bring her lawsuit within the limitations period.  Assuming the truth of her proposed allegations, as we must, Zingerman affirmatively misrepresented that GHDF was defunct and could not be revived while secretly angling to sell it during the three years before appellant filed suit.  This recent malfeasance is separate from his wrongdoing in 2009.  Moreover, Zingerman's refusal in 2018 to defend GHDF from being "hijacked" by third parties may be a breach of his duty to the corporation.  Finally, Zingerman's refusal in 2018 to allow appellant to exercise her right to examine corporate books and records falls within the statute of limitations.  We remand the case

9

to the trial court with directions to allow appellant to file a third amended complaint.[4]

## ADDITIONAL CONSIDERATIONS

We requested briefing to address our concern about GHDF appearing in this case through counsel representing Thomas and Cuzzort, who claim to own the stock of GHDF. Appellant and Zingerman made GHDF a nonprofit mutual benefit corporation in 2009. It is unclear how Thomas and Cuzzort purchased the stock of a nonprofit and operate it as a for-profit enterprise. In a letter brief, Thomas and Cuzzort deny Zingerman is a director or officer of their corporation and state they "do not take a position in the dispute between Plaintiff Vishnevsky and Zingerman." If so, they should not be participating in this appeal.

It is premature for the trial court to resolve this dispute between appellant and Zingerman. The court must first resolve appellant's lawsuit against Thomas and Cuzzort before it considers appellant's lawsuit against Zingerman. The court must determine if Cuzzort and Thomas have standing as legitimate directors and officers of GHDF. Without standing, they cannot participate in GHDF's appearance in this lawsuit.

---

[4] Although Zingerman's 2009 criminal acts fall outside the statute of limitations, they may be relevant at trial to show a pattern of dishonesty and disloyalty to GHDF.

## DISPOSITION

The judgment is reversed. The case is remanded with directions to issue an order giving appellant Vishnevsky leave to file a third amended complaint. Appellant is entitled to recover her costs on appeal from respondents Zingerman and Granada Hills Discount Farmacy, Inc.

The court must first resolve appellant's lawsuit against Thomas and Cuzzort before it proceeds with appellant's lawsuit against Zingerman.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

11